IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Delvin L. Shaw, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sgt. John Dailey, | ) | Case No. 1:22-cv-214 |
| | ) | |
| Defendant. | ) | |

This matter has been referred to the magistrate judge for initial review as mandated by 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends the Court dismiss this action without prejudice for failure to state a claim for which relief may be granted.

I.  **BACKGROUND**

Shaw initiated the above-captioned action *pro se* and in forma pauperis on January 5, 2023. (Doc. Nos. 3, 6). He is endeavoring to sue Sergeant John Dailey in both his official and individual capacities.

The gist of Shaw's claim is that he was sexually assaulted during a routine pat-down search by Dailey at the North Dakota State Penitentiary ("NDSP") in January of 2020. (Doc. No. 8). As to damages, Shaw states he is seeking "under the individual capacity of John Dailey, pay the plaintiff a total of $300,000 inculding the civil court fees in this case. Under John Dailey official capacity the plaintiff request John Dailey fired from N.D.S.P. and pay the plaintiff a total of $20,000,000." (Id.) (errors in original).

1

## II.     STANDARD GOVERNING INITIAL REVIEW

When a prisoner proceeding in forma pauperis seeks to sue a governmental entity, officer, or employee, the Prison Litigation Reform Act of 1995 ("PLRA") requires the court to conduct an early screening of the complaint to weed out claims that clearly lack merit with the hope this will lessen the burdens imposed by the ever-rising numbers of prisoner suits, which too often are frivolous and without merit. Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

The PLRA does not impose any heightened pleading requirements. Jones, 549 U.S. at 211-12. Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).

The court is obligated to construe a *pro se* complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). This does not mean that the court must accept everything or anything that is filed by *pro se* prisoners, however. In enacting the screening requirement, Congress obviously expected it to be more than a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not

2

obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Bell Atlantic"). The complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). And, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x 591, 592, 2011 WL 2184269, *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2007) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints must allege sufficient facts to state a claim). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. See id. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a cognizable claim, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a cognizable claim. Walker, 104 F.3d at 157-58.

Also, even though the court is obligated to construe *pro se* complaints liberally, the court

3

is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases). Also, liberal construction does not mean the court is under an obligation to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III.   DISCUSSION

#### A.   Official Capacity Claim

Shaw's claim for monetary damages against Dailey in his official capacity is barred. Dailey is a state official by virtue of his employment with the North Dakota Department of Corrections and Rehabilitation ("NDDOCR").  State officials sued in their official capacities for money damages are not "person[s]" subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution.  Id.; Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

The Court cannot otherwise order the termination of Dailey's employment with the DOCR as Shaw has requested.  The administration and staffing of the NDDOCR and the NDSP are not matters over which the Court can exert control.  The undersigned shall now address Shaw's individual capacity claim against Dailey.

#### B.   Individual Capacity Claim for Sexual Assault

The gist of Shaw's claim against Dailey is that Dailey sexually assaulted him by grabbing

his genitals during a routine pat-down search in January of 2020. Shaw alleges Dailey "violated the plaintiff Eighth Amendment due to cruel and unusual punishment." (Doc. No. 8). (errors in original). Shaw states this was a "humiliating and abusive sexual assault" that caused him "psychological trauma." (Id.). Shaw also states Dailey's alleged actions impacted his depression and gave him thoughts of suicide. (Id.).

"[A] prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (internal quotations and citations omitted). "[A] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotations and citations omitted). Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." Id. (internal quotations and citations omitted).

"Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). "[T]here can be no doubt that *severe* or *repetitive* sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." Id. (emphasis added); see also Montoya-Hernandez v. Watkins, No. 6:11-CV-009, 2012 WL 204075, at *2 (N.D. Tex. Jan 24, 2012) (holding an inmate who alleged he was sexually assaulted when his genitals were touched during a pat-down search did not "demonstrate that the alleged sexual assaults were objectively, sufficiently serious or repetitive, or that the officers had a culpable state of mind."). Further, "[w]here no legitimate law enforcement or penological

5

purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." Boddie, 105 F.3d at 861. However, "A pat-down search is by definition of short duration and minimal intrusiveness, even though some incidental touching of anal and genital areas my occur." Ferguson v. Cobb, No. 16-5168, 2017 WL 3262262, at *5 (W.D. Ark. July 6, 2017) (quoting Tarpley v. Stepps, 2007 WL 844826, *4 (E.D. Mo. March 19, 2007)).

In Boddie, the Second Circuit Court of Appeals held "a small number of incidents" the inmate described where he was "verbally harassed, touched, and pressed against without his consent" were not "objectively, sufficiently serious" to state an Eighth Amendment claim. Id. Rather, the court stated the isolated episodes of harassment and touching, if true, may potentially have provided the basis of state tort actions. Id.; Montoya-Hernandez, 2012 WL 204075, at *3 ("Plaintiff has the state law claims of assault or battery available to him.").

Here, Plaintiff alleges he was sexually assaulted on one occasion during what he himself described as "a routine pat-down search." (Doc. No. 8). His allegations fail to demonstrate that Dailey had a culpable state of mind or that the alleged sexual assault was objectively and sufficiently serious. Because his complaint alleges this occurred on only one occasion it is not repetitive. Further, he has failed to plead that the conduct was severe sexual abuse. A prison official has a legitimate penological interest in performing routine pat-down searches of inmates, and "some incidental touching of anal and genital areas my occur." Ferguson, 2017 WL 3262263, at *4. The facts as presented in the complaint signify an "incidental touching" that occurred during a routine pat-down search that does not rise to the level of severe sexual abuse. Therefore, Shaw fails to allege a claim that Dailey violated his rights under the Eighth

Amendment.

## IV.     CONCLUSION AND RECOMMENDATION

Shaw has failed to allege a violation of his rights under the Eighth Amendment. Therefore, the undersigned **RECOMMENDS** the dismissal of Shaw's complaint without prejudice on the grounds that it is frivolous or otherwise fails to state a claim. The undersigned further **RECOMMENDS** the Court assess Shaw a strike for PLRA purposes under 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

7